United States of America v. Edward Leon May it please the Court My name is Robert Boyle, and I represent Mr. Leon. Unless the Court directs otherwise, I would like to proceed in reverse order, which is to address the sentencing issue that's raised in Mr. Leon's appeal. In this case, the sentence was procedurally unreasonable due to the trial court's erroneous application of the Vulnerable Victim Enhancement set forth in 3A1.1b. Under this Court's decisions in both Curley and McCall, for the enhancement to apply, there has to be some nexus between the defendant's criminal activity and the harm caused to the vulnerable victims. This is a requirement that this Court, and actually other courts, have read into that guideline. And contrary to the government's argument, it is read into the guideline notwithstanding any guideline cross-references, which this case concededly did involve. In this case, the tragic fire that claimed the lives of four people and seriously injured a fifth occurred on May 2, 2013. Appellant's grand jury testimony, which is the criminal conduct which is at issue, occurred seven months later on November 22, 2013. What's our review here, though? Is it plain error review on this? The government maintains that you objected to, or counsel objected to the application of this enhancement because of the 30-level cap. But the argument on appeal is different. Am I right about that? Well, Your Honor, I would argue that it is de novo review for these reasons. First, he did object to the application of the enhancement. But on the basis of the 30-level cap? Yes. But for the following, as we go on, I believe it was fairly presented to the district court, which is all that has to be done. In this case, when the defendant objected to the enhancement, the government comes back and argues a host of reasons why the enhancement should apply, one of them being that Mr. Leon should have notified the authorities when he was conceitedly present on Hewlett Street that night. When the court imposed the enhancement, it not only rejected the argument that was made by the defendant, but says, I am basing the imposition of the enhancement on the ground set forth by the government and in the pre-sentence report, which also imposed the enhancement on that ground. So I would respectfully submit that the issues were before the court. Now, the very issue, the court ruled that the enhancement should be applied for the very reasons that we are challenging it on this appeal. But should this court find that it wasn't properly preserved, I would submit that it should still be reviewed under the less rigorous plain error review that this court often uses in sentencing situations. So that's the, I believe it should be de novo or alternatively less rigorous than plain error. Now, the court below found, and the government argues on this appeal, that the vulnerable victim enhancement should be applied because there was evidence that Mr. Leon was present on the street and should have notified the authorities, that that was sufficient. But I would submit that that's insufficient. The harm here was caused by the people who set that fire. That was the harm that was caused. There was no proof presented in this record that Mr. Leon set that fire, that he knew that it was going to be set, or that he knew the children were inside that house. There was evidence that he lied about being there, that he was there, and that he lied about the use of a cell phone that pinged and showed that was used to send threatening messages that immediately preceded the fire. And so he's there sending messages to someone who has some kind of affiliation with his former girlfriend, and then he's there and he watches the place burn. And you say that there's no nexus between his lying about that and the fact that he would know that people were sleeping in the house when he was watching it burn and left within that house were the people that he had threatened? There's no connection between that? Not in quite the way Your Honor put it. What is necessary to be shown here was that he's charged and convicted of the perjury, which Your Honor described. He lied about setting it but was never convicted of the arson, but just about the lie of setting it. Would these be vulnerable victims? I'm sorry, if he lied? He also said, during his first grand jury testimony, and I didn't set the fire. And then later on, he goes into the grand jury and he says, and I did set the fire. But he's never charged with arson. He's convicted of perjury about his earlier grand jury testimony. Are they vulnerable victims in that scenario? In that case, possibly, but that's not the case here. Because he was never charged with setting the fire. That's not in the hypothetical where you said that they were. That he was liable as a vulnerable victim. So I'm trying to separate out. I mean, if he had just been. This is an odd case. I get it. I mean, this must be the week for it. But he lies about something that's extremely relevant to the death of people. And then he acknowledges that he lies about it. And so I ask you, if he had also lied about not setting it and then acknowledged that he did set it, but for some reason the government only prosecuted him for that lie, would they have been vulnerable victims? And you said yes. So now take just that lie out and leave the other lies. Is there not still enough of a nexus to show that? I would submit, Your Honor, no, there is not. Because the lies occur months later, the lies about not having the cell phone and not being in Schenectady that night, months after the people are hurt. And if there's no proof that he knew or should have known that the fire was being set, which is the definition of relevant conduct, which under the guideline is a requirement for the imposition of this enhancement, and if there's no proof of that, then the enhancement does not apply. There's no proof, though, that he said he's threatened someone that the Grim Reaper was going to get him or something like that, didn't he? He was going to meet death or something? I mean, doesn't that infer a state of mind? And then he suddenly miraculously shows up at the place and watches the place burn? He didn't live next door. He lived in Albany, didn't he? Your Honor, there could be. Didn't he? Yes, Your Honor. If someone told you that story, wouldn't you think, geez, I wonder why he was there? Somebody could say that, and what they should do, Your Honor, is with that evidence they should charge him with it. Well, I get that. I get that. I understand that you're claiming a procedural error. I would give you that this is more attenuated than the lie about the setting of the fire. I'll give you that. Okay. Mr. Boyle, you're reserved a couple minutes. Why don't we hear from the government, and then we'll get back to you in a second. Thank you. Thank you, Mr. Boyle. May it please the Court, my name is Stephen Clymer. I represent the United States of America, and I will not take it personally that the Court thinks this is an odd case. I'll begin, too, with the sentencing issue, and I'll ask the Court to affirm the sentence as well as the conviction. On the sentencing issue on plain error, Your Honor, it is the case that below only the 30-year cap issue was raised by the defense. I, quite frankly, don't understand the response the Court got here today, but as far as I understand it, it seems to be saying that if the government raises an issue, that somehow preserves the claim for appeal. That would read the contemporaneous objection rule completely out of existence. The district court was told that the parties are the parties. Because the defendant is challenging the vulnerable victim enhancement. That's all the district court needs. District court then is obligated to take a look at it. Well, I think that's right, Your Honor, but that's not all that the claim was. It was we are challenging the vulnerable victim enhancement because it takes the sentence above the offense level above 30. And so the Court's given that's our reason for this. And as this Court said in Harris, raising one objection does not alert the Court that you may have some other objection as well. And the whole reason for the rule is to make sure that those things get litigated in the first instance in the district court. And by complaining with specific ---- Mentioning, I mean, any challenge to the vulnerable victim enhancement on this record almost, you know, carries itself. I mean, I don't know. What more would a counsel have to say? It doesn't apply here. The claim below was ---- It was so obvious that there was no victim of his crime. I'll get to that in a minute, Your Honor, because I disagree with that. But my point is this. The claim below wasn't even about the vulnerable victim guideline. It was about a separate guideline. It was about the accessory after the fact guideline and a provision in that particular guideline. On the merits, there was no error. It's clear that through a series of cross-references that we lay out in our brief ---- The what? The cross-references that we describe in the brief, this defendant, Leon, was treated as an accessory after the fact to an arson and a murder. That's the way the guidelines treat this crime. There were victims of that arson and murder. The people in that house, the three children and the adult who died and the young girl who was badly injured were all victims of that. Under the guidelines, those people were also victims of Leon's relevant conduct. The relevant conduct provision with respect to an individual specifically states that you take into account all acts, and the word all is there, all acts, omissions, and harm resulting therefrom. These people were victimized because of Leon's omissions at the scene of the crime. He sees the fire at approximately 419 in the morning, a time where a reasonable person would know there would be sleeping inhabitants in a residential property, and he chooses to do nothing about it. He describes the fire as on the front porch, a foot or two high. As we know, the fire got much bigger as time progressed. Had he alerted the people in the house, alerted a neighbor, called 911, yelled, done something, he may have saved the lives of some of the people in that house. The fact that he didn't do so was an omission. That is relevant conduct. That relevant conduct victimized these sleeping people who, by the fact that they're sleeping, made them vulnerable victims. Under the guidelines, that's all the nexus that's required. In answer to your question before, Judge West, the hypothetical you gave, clearly it would be a better case for the government if he had told the lie about setting the fire, whether he was prosecuted or not. But the fact that he didn't do so, under this Guidelines analysis, doesn't matter. It might be a more attractive case, but it's not legally a better case. The Guidelines themselves establish the nexus here if you walk through them the way they're laid out. It's the accessory after the fact that really becomes the cornerstone. Absolutely. And there's no dispute here, Your Honor, that that Guideline applies here. And that starts the train rolling. And when it gets to the terminal, these are vulnerable victims of Mr. Leon. The enhancement was proper. But even if I'm wrong about that, even if it was error for the judge to do so, I'd suggest to the Court it's either not plain error or it's harmless error. And the case I'll refer to is this recent Supreme Court decision in Molina-Martinez, which generally says a mistaken Guideline calculation is error. And so we understand that's the general rule. But the Court also said this in that decision. There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist. The sentencing process is particular to each defendant, of course, and a reviewing court must consider the facts and circumstances of the case before it. The record in the case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range. Your record reflects that here? The district court here said this. Let's say if I could give you more than the 10 years, I would have done it. Absolutely. The quote is, if there was any way I could sentence you to more than the advisory Guidelines here, I would do it, but we're limited by the statutory maximum. This Court made very clear it was going to sentence Leon to the statutory maximum without regard to the Guidelines. Under that passage in Molina-Martinez, it makes clear that Leon cannot show prejudice in this case. Can I ask you about the grand jury transcripts? Yes, Your Honor. Those being presented. I know that there was an instruction given in the charge about how the trial jury was to consider those. Was there any kind of cautionary instruction given at the time they were admitted? No. Here's the progression of the venture, if you will. The government first offered into evidence the transcripts. It put on the court reporter who actually took the transcripts, offered them into evidence. No objection at that time. No defense request for limited instruction at that time. Later in the trial, the government asked for permission one by one to publish these to the jury by having the prosecutors read the questions and answers. Again, no objection by the defense, no request for limited instruction. The first discussion about a limited instruction came up during the charge conference when government counsel suggested to the court that a limited instruction might be appropriate, but didn't give specifics about what the court ought to say. I think all the parties understood and the court understood these transcripts were offered solely on the issue of materiality. The defense was silent at that point, didn't ask for anything specific, didn't say I think this is essential, didn't say a thing about it. The prosecutor in closing argument then discusses the grand jury transcripts and clearly describes them as being offered solely for the purposes of materiality, nothing else at all. We then get to the judge's charge. The judge gives the charge. No objection to the charge. No request to amend the charge. That was all there was. On that record, Your Honor, Rule 105 says that the court gives a limited instruction quote upon request. The defendant here never requested a limited instruction. There's no question that this wasn't prejudicial to him. Nobody discussed these transcripts for any reason other than materiality. But even had the jury somehow used them to prove the truth of the matter asserted, there was nothing asserted in those transcripts that was even remotely prejudicial given the fact that he admitted himself he sent the threatening messages and he was there on the scene after he had originally lied to the grand jury about it. I see my time is almost up, Your Honor. Unless the court has questions, I'll ask the court to affirm both the conviction and the sentence. Thank you. And, Mr. Boyle, you have two minutes, right? Yes. Thank you, Your Honor. Your Honor, first I'd like to address the issue of the accessory after the fact and its implication on the guidelines. It is not the case that if someone is an accessory after the fact in terms of the guidelines that they are then accountable for all of the acts of the underlying offense. In fact, Guideline 1B1.5 states that that is the case unless otherwise provided. And if you go back to the Vulnerable Victim Guideline, it puts a limitation on that. So there is the requirement that Mr. Leon knew or should have known, I would submit that a fire was going to be set for the harm to be the result of his relevant conduct. Unless there are further questions, I'll rely on my brief.  Thank you, Mr. Boyle. Thank you very much. Reserve decision.